## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

vs.

DERRICK DARRYL TRAWICK

    Defendant.

No. 21-CR-1016-CJW

**JURY INSTRUCTIONS**

---

Ladies and Gentlemen of the Jury:

In the next few moments, I am going to give you instructions about this case and about your duties as jurors. I will also give you additional instructions at a later time. Unless I specifically tell you otherwise, all instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

The instructions I am about to give you now are in writing and will be available to you in the jury room. In considering these instructions, attach no importance or significance whatsoever to the order in which they are given.

1

## INSTRUCTION NO. 1

This is a criminal case, brought against the defendant by the United States government. The charge is set forth in what is called an Indictment.

Count 1 of the Indictment charges: on or about May 31, 2019, in the Northern District of Iowa, defendant did knowingly and intentionally aid, abet, counsel, command, induce, and procure the distribution of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, within 1,000 feet of a playground, specifically Jefferson Park in Dubuque, Iowa. Furthermore, on or about May 31, 2019, M.M.'s use of the heroin and fentanyl distributed by defendant resulted in serious bodily injury to M.M.

The defendant has pleaded not guilty to this charge.

2

## INSTRUCTION NO. 2

You are instructed that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty and is presumed to be innocent unless and until proven guilty beyond a reasonable doubt. Thus, the defendant begins the trial with a clean slate, with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome as to each charge only if the government proves during the trial, beyond a reasonable doubt, each element of the crimes charged.

There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. Accordingly, if the defendant does not testify, that fact must not be considered by you in any way, or even discussed, in arriving at your verdicts.

# INSTRUCTION NO. 3

It will be your duty as jurors to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in my instructions. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you. The law demands of you just verdicts, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdicts should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that the defendant is on trial only for the crime charged, not for anything else.

4

# INSTRUCTION NO. 4

I have mentioned the word "evidence." The "evidence" in this case consists of the following: the testimony of the witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1.  Statements, arguments, questions, and comments by the lawyers are not evidence.

2.  Anything that might have been said by jurors, the attorneys, or the judge during the jury selection process is not evidence.

3.  Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4.  Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

5.  Anything you see or hear about this case outside the courtroom is not evidence.

During the trial, documents and objects may be referred to but not admitted into evidence. In such a case, these items will not be available to you in the jury room during deliberations.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you if this occurs and instruct you on the purposes for which the item can and cannot be used.

5

**INSTRUCTION NO. 5**

There are two types of evidence from which you may properly find the truth as to the facts of this case: direct evidence and circumstantial evidence. Direct evidence is the evidence of the witnesses to a fact or facts of which they have knowledge by means of their senses. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

# INSTRUCTION NO. 6

The jurors are the sole judges of the weight and credibility of the testimony, and the value to be given to the testimony, of each witness who testifies in this case. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

If the defendant chooses to testify, you should judge that testimony in the same manner as you judge the testimony of any other witness.

## INSTRUCTION NO. 7

In the previous instruction, I instructed you generally on the credibility of witnesses. I now give you this further instruction on how the credibility of a witness can be "impeached" and how you are to consider the testimony of certain witnesses.

A witness may be discredited or impeached by contradictory evidence; by showing that the witness testified falsely concerning a material matter; by showing that the witness has a motive to be untruthful; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

You may hear evidence that some witnesses were once convicted of a crime. If so, you may use that evidence only to help you decide whether you believe those witnesses and how much weight to give their testimony.

You may hear evidence from certain witnesses who state that they participated in a crime or crimes charged against the defendant. If so, their testimony will be received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may be influenced by their desire to please the government or to strike a good bargain with the government with respect to their own situation will be for you to determine.

You may hear evidence that certain witnesses made a plea agreement with the government. If so, their testimony may be received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may be influenced by the plea agreement will be for you to determine. A witness' guilty plea cannot be considered by you as any evidence of a defendant's guilt. A witness' guilty plea can be considered by you only for the purpose of determining how much to rely upon the witness' testimony, if you choose to rely on it at all.

**(CONTINUED)**

8

You may hear evidence that certain witnesses hope to receive a reduced sentence on criminal charges pending against them in return for their cooperation with the government in this case. One or more of the witnesses have entered into an agreement with the United States Attorney's Office which provides that in return for a witness' assistance, the government will dismiss certain charges and/or recommend a less severe sentence, which could be less than the mandatory minimum sentence for the crime with which he is charged. If the prosecutor handling a witness' case believes that the witness provided substantial assistance, that prosecutor can file a motion to reduce the witness' sentence in the court where the witness' charges are pending. The judge has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of these witnesses such weight as you think it deserves. Whether or not their testimony may be influenced by their hopes of receiving a reduced sentence will be for you to determine.

# INSTRUCTION NO. 8

You may hear testimony from persons who may be knowledgeable in a field because of their education, experience, or both. They are permitted to give their opinions on matters in that field and may also state the reasons for their opinions. You may accept or reject the testimony of these witnesses just like any other testimony. After considering such a witness' education and experience, the reasons given for the opinion, and all the other evidence in the case you may give that witness' testimony whatever weight, if any, you think it deserves.

## INSTRUCTION NO. 9

You may hear testimony that the defendant made a statement to law enforcement. It is for you to decide:

*First*, whether the defendant made the statement, and

*Second*, if so, how much weight you should give to it.

In making these two decisions, you should consider all of the evidence, including the circumstances under which they statement may have been made.

11

## INSTRUCTION NO. 10

Exhibits will be admitted into evidence and are to be considered along with all of the other evidence to assist you in reaching your verdicts. During your deliberations, you are not to tamper with the exhibits or their contents, and you should leave the exhibits in the jury room in the same condition as they were received by you.

## INSTRUCTION NO. 11

You may hear and see audio and video recordings of conversations. These conversations were legally recorded, and you may consider the recordings just like any other evidence. By agreement of the parties, some portions of the recordings may have been muted or skipped. Do not attempt to guess at what occurred during the muted or skipped portions of the records. You may consider the recordings just like any other evidence.

Case 2:21-cr-01016-CJW-MAR   Document 60   Filed 01/26/22   Page 13 of 31

## INSTRUCTION NO. 12

You may hear evidence that the defendant previously possessed or distributed drugs. You may consider such evidence only if you unanimously find it more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find that this evidence has been proved, then you may consider it to help you decide whether the defendant intentionally aided and abetted the distribution of controlled substances, that he knew that he was aiding and abetting the distribution of controlled substances, or whether his actions were a product of mistake or accident. You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed a similar act in the past. The defendant is on trial only for the crime charged, and you may consider the evidence of prior acts only on the issues stated above.

## INSTRUCTION NO. 13

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# INSTRUCTION NO. 14

A person may be found guilty of the crime of distribution of a controlled substance even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the distribution of a controlled substance.

In order to have aided and abetted the commission of a crime, a person must, before or at the time the crime was committed,:

*One,*  have known the distribution of a controlled substance was being committed or going to be committed;

*Two,*  have had enough advance knowledge of the extent and character of the crime of distribution of a controlled substance that he was able to make the relevant choice to walk away from the crime before all elements of the distribution of a controlled substance were complete;

*Three,*  have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the distribution of a controlled substance;

*Four,*  have intended that the distribution of a controlled substance occur.

It is not necessary that the government prove the defendant knew the substance was heroin and fentanyl, as long as the government proves that the defendant knew that the substance was some type of controlled substance.

**(CONTINUED)**

## INSTRUCTION NO. 14 (Cont'd)

For you to find the defendant guilty of aiding and abetting the distribution of a controlled substance, the government must prove beyond a reasonable doubt that all of the essential elements of distribution of a controlled substance were committed by some person or persons and that the defendant aided and abetted the commission of that crime. The crime of distribution of a controlled substance has two elements, which are:

*One*,     on or about May 31, 2019, in the Northern District of Iowa, a person intentionally transferred heroin and fentanyl to another individual; and

*Two*,     at the time of the transfer, the person who made the transfer knew that the substance transferred was some type of controlled substance.

As with the aider and abettor, it is not necessary that the government prove the person who made the transfer knew the substance was heroin and fentanyl, as long as the government proves that the person knew that the substance was some type of controlled substance.

You may infer the defendant had the requisite advance knowledge of the distribution of a controlled substance if you find the defendant failed to object or withdraw from actively participating in the commission of the distribution of a controlled substance after the defendant observed another participant complete the knowing distribution of a controlled substance.

**(CONTINUED)**

## INSTRUCTION NO. 14 (Cont'd)

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or is about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

Case 2:21-cr-01016-CJW-MAR   Document 60   Filed 01/26/22   Page 18 of 31

## INSTRUCTION NO. 15

If you find the defendant guilty of aiding and abetting the distribution of heroin and fentanyl as alleged in Count 1, you must determine, beyond a reasonable doubt, whether use of the controlled substance or controlled substances that you found were unlawfully distributed resulted in serious bodily injury to M.M.

The phrase "serious bodily injury" means a bodily injury which involves: (a) a substantial risk of death; (b) protracted and obvious disfigurement; or (c) protracted loss or impairment of the function of a bodily member, organ, or mental faculty. In deciding whether use of the controlled substances that were unlawfully distributed resulted in serious bodily injury, you are instructed that the government must prove, beyond a reasonable doubt, that the use of the particular substance was either a "but for" cause or "independently sufficient" cause of serious bodily injury. The government need not prove both alternatives; either is sufficient.

### "But-For" Cause

To find that use of a particular drug was a "but for" cause of M.M.'s serious bodily injury, you must unanimously and beyond a reasonable doubt find that, but for M.M.'s use of that particular drug that was unlawfully distributed, M.M. would not have suffered serious bodily injury.

The following are examples of what it means to say that "but for" some act, a particular result would not have occurred. For example, where A shoots B, who is hit and dies, we can say that A caused B's death, since but for A's conduct B would not have died. The same thing is true if a person's act combines with other factors to produce the result, so long as the other factors alone would not have produced the result—if, so to speak, the person's act was the straw that broke the camel's back. Thus, if poison is administered to a man debilitated by multiple diseases, the poison is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived.

### (CONTINUED)

## INSTRUCTION NO. 15 (Cont'd)

## "Independently Sufficient" Cause

To find a particular drug was an "independently sufficient" cause of a serious bodily injury, you must unanimously and beyond a reasonable doubt find that

M.M.'s use of that particular controlled substance was sufficient to cause M.M.'s serious bodily injury, regardless of M.M.'s use of any other controlled substances.

For example, if you find that M.M. would have suffered serious bodily injury from using heroin or fentanyl alone, regardless of whether M.M. had used any other controlled substance, M.M.'s heroin or fentanyl use would be an independently sufficient cause of her serious bodily injury.

The law does not require the government to prove that the defendant intended to cause serious bodily injury. Similarly, the law does not require the government to prove that defendant knew or should have known that he was exposing M.M. to a risk of serious bodily injury when defendant aided and abetted the distribution of the heroin and fentanyl.

Further, the government need not prove that the defendant intentionally transferred the drug directly to M.M., so long as the government proves beyond a reasonable doubt that the drug which the defendant aided and abetted in the distribution of is the same drug that later resulted in serious bodily injury to M.M.

## INSTRUCTION NO. 16

If you find the defendant guilty of aiding and abetting the distribution of heroin and fentanyl as alleged in Count 1, you must determine whether the location at which the crime occurred was within 1,000 feet of the real property comprising a playground. The 1,000-foot zone can be measured in a straight line from the playground irrespective of actual pedestrian travel routes. The government does not have to prove that the defendant agreed, knew, or intended that the offense would take place within 1,000 feet of a playground.

The term "playground" means any outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swing sets, and teeterboards.

## INSTRUCTION NO. 17

The term "distribute" means to deliver a controlled substance to the possession of another person. The term "deliver" means the actual or attempted transfer of a controlled substance to the possession of another person. No consideration for the delivery need exist and it is not necessary that money or anything of value change hands. The law is directed at the act of distribution of a controlled substance and does not concern itself with any need for a "sale" to occur.

## INSTRUCTION NO. 18

The government is not required to prove that the defendant knew that his acts or omissions were unlawful.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. Knowledge may be proved like anything else. You may consider any acts done or statements made by the defendant in connection with the offense, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge.

# INSTRUCTION NO. 19

Intent may be proven by circumstantial evidence. It rarely can be established by other means. Although witnesses may see or hear and thus be able to give direct evidence of what a person does or fails to do, there can be no eyewitness account of the state of mind with which the acts were done or omitted. But what a defendant does or fails to do may indicate intent or lack of intent to commit an offense.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done, but you are not required to do so. As I have said, it is entirely up to you to decide what facts to find from the evidence.

## INSTRUCTION NO. 20

You are instructed as a matter of law that heroin is a Schedule I controlled substance and that fentanyl is a Schedule II controlled substance. You must ascertain whether or not the substance in question was heroin and fentanyl. In so doing, you may consider all the evidence in the case which may aid in the determination of that issue.

**INSTRUCTION NO. 21**

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The government need not prove with certainty the exact date or the exact time period of the offense charged. It is sufficient if the evidence establishes that the offense occurred within a reasonable time of the date or period of time alleged in the Indictment.

# INSTRUCTION NO. 22

At the end of the trial, you must make your decisions based on what you recall of the evidence. You will not have a written transcript to consult. Therefore, you must pay close attention to the testimony as it is given.

If you wish, you may take notes during the presentation of evidence to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by the witnesses.

During deliberations, in any conflict between your notes, a fellow juror's notes, and your memory, your memory must prevail. Remember that notes sometimes contain the mental impressions of the note taker and can be used only to help you recollect what the testimony was.

We have given each juror an envelope with a pad and pen in it. The envelopes are numbered according to your seat in the jury box. When you leave for breaks or at night, please put your pad and pen in the envelope and leave the envelope on your chair. Your notes will be secured, and they will not be read by anyone. At the end of trial and your deliberations, your notes should be left in the jury room for destruction.

## INSTRUCTION NO. 23

During the trial, it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference while the jury is present in the courtroom or by calling a recess. If a bench conference is held in the courtroom, we will switch on what we refer to as "white noise" so that the jurors cannot hear what is being said by the lawyers and me. While bench conferences are being conducted, you should feel free to stand and stretch and visit among yourselves about anything except the case.

Case 2:21-cr-01016-CJW-MAR   Document 60   Filed 01/26/22   Page 28 of 31

## INSTRUCTION NO. 24

During the course of the trial, to ensure fairness, you as jurors must obey the following rules.

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdicts.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, do not use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, or Twitter, to communicate to anyone any information about this case, or your opinions concerning it, until the trial has ended and you have been discharged as jurors.

*Fourth*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdicts have been accepted by me. If someone should try to talk with you about the case during the trial, please report it to me through the Court Security Officer.

*Fifth*, during the trial, you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall or the like, it is because they are not supposed to talk or visit with you.

**(CONTINUED)**

*Sixth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case, or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but, if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case you will know more about the matter than anyone will learn through the news media.

*Seventh*, do not do any research or make any investigation about the case on your own. Do not consult any reference materials such as the Internet, books, magazines, dictionaries, or encyclopedias. Do not contact anyone to ask them questions about issues that may arise in this case. Remember, you are not permitted to talk to anyone (except your fellow jurors) about this case or anyone involved with it until the trial has ended and I have discharged you as jurors.

*Eighth*, do not make up your mind during the trial about what the verdicts should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

## INSTRUCTION NO. 25

The trial will proceed in the following manner:

First, the attorney for the government will make an opening statement. Next, the attorney for the defendant may, but does not have to, make an opening statement. An opening statement is not evidence, but is simply a summary of what the attorneys expect the evidence to be.

The government will then present its evidence, and the attorney for the defendant may cross-examine the government's witnesses. Following the government's case, the defendant may, but does not have to, present evidence, testify, or call other witnesses. If the defendant calls witnesses, the attorney for the government may cross-examine them.

After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that, the court will instruct you further regarding your deliberations, and you will retire to deliberate on your verdicts.

24, Jany, 2022
Date

C.J. WILLIAMS
United States District Judge
Northern District of Iowa

31